IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MELODY A. RUSSELL
Plaintiff

vs

CIV: ELH15CV0412

TRANSUNION et al
Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB 11  PM 1: 03

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

## COMPLAINT

1) Comes now the Plaintiff to respectfully seek relief from the Court pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

### Parties
2) Plaintiff is a natural person who resides in Glen Burnie, Maryland.

3) Defendant is a foreign corporation engaging in business within the State of Maryland with a principal place of business located 555 W Adams St Fl 6, Chicago, IL 60661-3719.

### Venue
4) The court has proper jurisdiction in this matter.

### Overview
5) This complaint will list facts surrounding Plaintiff's consumer report with TRANSUNION et al, as well as a request for injunctive relief.

### Count 1
6) Defendant is a consumer reporting agency as codified at 15 U.S.C. §§ 1681–1681x.

7) Within the last twelve months, and prior to the last twelve months, Plaintiff requested copies of her consumer reports, as she was attempting to seek employment, and was trying to obtain financing to attend graduate school.

8) The request was made in addition to disputing inaccuracies that existed previously.

1

9) Plaintiff specifically asked Defendant for the results of investigation to be delivered in writing, and for the Defendant to provide hard copies of the sources used to verify the accounts that were inaccurate.

10) Along with the dispute, Plaintiff provided copies of paperwork to support the fact that the inaccuracies on the report were indeed inaccurate, and should have been removed.

11) Defendant failed to properly investigate the supported documentation via US Mail, as required by FCRA, and violated 15 U.S.C. §§ 1681–1681x.

12) Plaintiff didn't merely dispute ownership, and it shows that the Defendant failed to investigate the inaccuracies, or examine the supported documentation as required by 15 U.S.C. §§ 1681–1681x.

13) Defendant also failed to provide copies of their sources for verifying information when requested by Plaintiff, as required by 15 U.S.C. §§ 1681–1681x.

14) Their lack of investigation caused Plaintiff to miss out on employment opportunities, as well as miss out on opportunities to seek a suitable place to reside.

15) Plaintiff has tried to resolve this issue outside of court on multiple occasions via USPS Delivery Confirmation, Certified Mail, BBB, and regular first-class mail.

16) In spite of Plaintiff's best attempts to resolve her issues with Defendant, they have failed to investigate her disputes, and failed to provide Plaintiff with certified verification.

17) Defendant has violated FCRA 15 U.S.C. §§ 1681–1681x.

## Count 2

18) Plaintiff disputed the delinquent reporting of her loans.

19) Plaintiff provided proof of the fact that she was enrolled in school at least half-time, as required by the United States Department of Education, entitling her to a deferment and forbearance of payment (Exhibit 1).

20) The Defendant violated 15 U.S.C. §§ 1681–1681x by not investigating the dispute, in spite of the fact that she proved to them that she in school during the alleged delinquency.

21) As of the date of the most recent consumer report from the Defendant compared against the original dispute by Plaintiff, it is clear that the Defendant never investigated Plaintiff's disputes, or provided her with proof of their investigation, along with the results.

22) When Plaintiff specifically asked for the results to be delivered in writing, and for the Defendant to provide hard copies of the sources used to verify the accounts that were

2

inaccurate, they responded by spamming her, and provided another window of opportunity for unauthorized access to her consumer reports.

23) Because Defendant provided no results of their dispute, or their findings, they violated 15 U.S.C. §§ 1681–1681x.

### Count 3
24) This Count includes disputes regarding Credit One Bank.

25) The factual allegations of Count 2 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 4
26) This Count includes disputes regarding GE Money Bank/SYNCRON/Walmart.

27) The factual allegations of Count 3 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 5
28) This Count includes disputes regarding Healthcare Associates Credit Union.

29) The factual allegations of Count 4 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 6
30) This Count includes disputes regarding multiple accounts reported by First Premier Bank/Premier Bank.

31) The factual allegations of Count 5 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 7
32) This Count includes disputes regarding personal information reporting on Plaintiff's consumer reports.

33) The factual allegations of Count 6 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 8
34) This Count includes disputes regarding multiple accounts reporting by Capital One et al.

35) The factual allegations of Count 7 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 9
36) This Count includes disputes regarding HSBC et al.

37) The factual allegations of Count 8 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

### Count 10

38) This Count includes disputes involves "hard inquiries" made to Plaintiff's consumer reports.

39) The factual allegations of Count 9 are fully re-alleged under 15 U.S.C. §§ 1681–1681x.

Prayer of Relief

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff actual and statutory damages pursuant to the FCRA.

2. Defendant failed to provide documentation to provide solid proof of their investigation, Plaintiff is entitled to have the disputed information removed under the FCRA. Plaintiff therefore requests the court to order Injunctive Relief, to include:

    A) Immediately and permanently remove all items that were disputed by Plaintiff;

    B) Immediately and permanently remove any "hard" inquiries from 2013 and 2014;

    C) Immediately provide an updated copy of Plaintiff's consumer report to the Plaintiff's mailing address listed in this complaint.

3. Award the Plaintiff costs associated with preparing complaint, and charges incurred to resolve the issue with the Defendant.

4. Award such other and further relief as this Court may see fit.

RESPECTFULLY,

_[signature]_

PLAINTIFF

PO BOX 35
GLEN BURNIE, MD 21060
(443)805-6379